# Bealafeld *v.* Slaughenhaupt, Appellant.

*Parent and child—Illegitimates—Will.*

Where a man marries a woman with an illegitimate child not his own, and thereafter has seven children by his wife, and subsequently dies leaving a will by which he gives his whole estate to his wife for her life, and upon her death to be divided share and share alike "among her children and mine," the illegitimate child takes nothing under the will.

The word "children" and like words are to be applied only to legitimate children, unless the illegitimate children are otherwise described so as to leave no doubt that they are to be included.

Argued Nov. 2, 1905. Appeal, No. 199, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 8, for plaintiffs on case stated in suit of Frederick W. Bealafeld, Mary D. Bealafeld, his wife, Elizabeth D. Blackmore and George Blackmore, her husband, v. Milton Slaughenhaupt. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

SHAFER, J., filed the following opinion:

In this case the parties have agreed upon a case stated in the nature of a specific verdict, from which it appears that the plaintiffs have agreed to sell certain lands in Allegheny county to the defendant, and that the defendant has declined to pay the purchase money thereof, because, he says, the title of the plaintiffs is not good and marketable. The title of the plaintiffs depends upon the will of August Bealafeld, deceased. It appears from the case stated that in 1858 the testator married a woman who had at the time an illegitimate son about seven years old who was not a son of the testator; that this son lived with the testator and his wife as a part of the family until he was seventeen years old and until shortly before the making of the will in question; that the testator had by this wife seven children who are the plaintiffs or whose interest is owned by the plaintiffs; that in 1884 August Bealafeld made his will, which was probated in that year, by which he gives all his property to his wife, the mother of the children named, for life or

widowhood, and at her death the property to be sold by his executor and to be divided share and share alike "among her children and mine." He then provides that his wife or his executor, if she shall marry a second time, shall see that " my children, Fred, William, August, John, Louis, Mina and Lizzie, shall be clothed and educated out of the proceeds of my estate aforesaid." The mother is now dead. The contention upon the part of the defendant is that the illegitimate son takes, under the will, one-eighth or at least some share of the estate, and that therefore the plaintiffs, who are, as we understand it, conveying the title of the seven legitimate children, have not a marketable title to the whole of the land. We understand the claim of the defendant, made at the argument, to be that the words " her children and mine " designate two classes of persons, " her " children being eight in number and including the illegitimate son, and " mine " including only the seven, and it is argued, not without some plausibility, that this view is strengthened by the use which the testator makes of the expression " my children " where he enumerates the seven by name. On the other hand, it is claimed that the rule which requires a will to be interpreted so as not to disinherit the heir in case of doubt should be applied, and that the word " and " must be interpreted as joining the designations " her " and " mine " into one term descriptive of the children to take, and not as joining the classes described. The question is substantially the same as that mooted in the celebrated fictitious case of the bequest of the black and white horses. But whatever the testator may in fact have had in his mind, we have no doubt that the illegitimate child of the mother can take nothing under the terms of this will, because of the well-established rule of law that the word " children " and like words are to be applied only to legitimate children unless the illegitimate children are otherwise described so as to leave no doubt that they are to be included : Appel v. Byers, 98 Pa. 479.

We are of the opinion, therefore, that the title of the plaintiffs is good and marketable, and that judgment should be entered upon the case stated for the plaintiffs. We therefore order that judgment be entered for the plaintiffs and against the defendant for $1,900, with interest from June 14, 1905, and costs.

*Error assigned* was in entering judgment for plaintiffs on case stated.

*William S. McDowell*, for appellant.—The court erred in not finding that the stepson took an interest in the land : Bruckman's App., 195 Pa. 363 ; Shirey v. Postlethwaite, 72 Pa. 39 ; Cheetham v. Muhlenberg, 133 Pa. 309; Klapp's Est., 19 Pa. Superior Ct. 150 ; Young's App., 83 Pa. 59; Leedom's Est., 4 Del. Co. Rep. 418; Opdyke's App., 49 Pa. 373; Seitzinger's Est., 170 Pa. 500.

*Sol. Schoyer, Jr.*, and *John P. Hunter*, for appellee, were not heard, but in their printed brief said : Henry Fanker, being an illegitimate son, is not included within the term "children:" Appel v. Byers, 98 Pa. 479 ; Wettach v. Horn, 201 Pa. 201 ; Flora v. Anderson, 67 Fed. Repr. 182; Root's Est., 187 Pa. 118 ; Jancs's Est., 147 Pa. 527; Grubb's App., 58 Pa. 55; Steckel's App., 64 Pa. 493.

PER CURIAM, January 2, 1906 :
Judgment affirmed on the opinion of the court below.