UTAH FUEL CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4215.   Decided March 11, 1925.   (234 P. 697.)

1. MASTER AND SERVANT—WIDOW AUTHORIZED TO APPLY FOR COMPENSATION FOR HERSELF AND POSTHUMOUS CHILD.  Widow of deceased employé *held* authorized to apply for compensation under Industrial Act for his death for herself and his posthumous child, under Comp. Laws 1917, §§ 3140, 3141, as amended by Laws 1921, c. 67, § 1, though it developed on hearing that she was not his legal wife, such fact not affecting Industrial Commission's jurisdiction of application.

2. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S JURISDICTION NOT AFFECTED BY ERRONEOUS DECISION.  That Industrial Commission may make an erroneous decision does not affect its jurisdiction to hear and decide an application for compensation under Industrial Act.

3. MASTER AND SERVANT—OBJECTION TO WIDOW'S AUTHORITY TO FILE APPLICATION FOR COMPENSATION HELD TOO LATE.  Objection that widow of deceased employé had no authority to file an application for compensation under Industrial Act came too late, where no objection was made to application before Commission, either on original hearing or on rehearing.

4. MASTER AND SERVANT—WIDOW NOT ENTITLED TO COMPENSATION WHERE MARRIAGE WAS VOID.  Widow of deceased employé *held* not entitled to compensation under Industrial Act, where their marriage was void, in view of Comp. Laws 1917, §§ 2967, 3003.[1]

---

[1] *Sanders* v. *Industrial Commission*, 64 Utah, 372, 230 P. 1026.

* See Headnote 1.  Workmen's Compensation Acts, p. 108, § 105.

Headnote 2.  Workmen's Compensation Acts, p. 114, § 109.

Headnote 3.  Workmen's Compensation Acts, p. 121, § 125 (1926 Anno).

Headnote 4.  Workmen's Compensation Acts, p. 57, § 49.

Headnote 5.  Workmen's Compensation Acts, p. 57, § 49.

Headnote 6.  Workmen's Compensation Acts, p. 117, § 115 (1926 Anno).

Headnote 7.  Workmen's Compensation Acts, p. 114, § 109 (1926 Anno).

Headnote 8.  Workmen's Compensation Acts, p. 117, § 115 (1926 Anno).

Certiorari

5. MASTER AND SERVANT—POSTHUMOUS CHILD ENTITLED TO COM-
PENSATION ALTHOUGH MARRIAGE WAS VOID. Posthumous child
of deceased employé *held* entitled to compensation under Indus-
trial Act for his death, though marriage of parents was void
under Comp. Laws 1917, §§ 2967, 3003, in view of section 6413,
providing that issue of all marriages null in law are legitimate,
includes all children born of void marriages, section 6430 be-
ing inapplicable.

6. MASTER AND SERVANT—INDUSTRIAL COMMISSION AUTHORIZED TO
DIRECT COMPENSATION TO BE PAID TO TRUSTEE FOR MINOR. In-
dustrial Commission, with jurisdiction of parties and subject-
matter in making award of compensation for death of deceased
employé to his minor son, *held*, authorized to direct payments
to be made to a trustee, employer or insurance carrier not
being concerned therewith so long as they are protected in
making payments.

7. MASTER AND SERVANT—ORDERS OF INDUSTRIAL COMMISSION NOT
PROHIBITED ARE BINDING. Orders of Industrial Commission, if
not prohibited by law, are binding on all concerned.

8. MASTER AND SERVANT—VALIDITY OF AWARD OF COMPENSATION
NOT AFFECTED BY IRREGULARITY. Validity of award of compen-
sation by Industrial Commission to minor for death of de-
ceased parent *held* not affected by objection assailing order
of Commission intended to make award effective, in view of
Industrial Act (Comp. Laws 1917, § 3086); that such an order,
although it might be irregular, is not void.

Action by the Utah Fuel Company against the Industrial
Commission of Utah and another to annul an award of com-
pensation in favor of John Doe Saris (since named Bertram
S. Saris) by the Industrial Commission.

AWARD AFFIRMED.

*Ferdinand Erickson,* and *H. J. Binch,* both of Salt Lake
City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst.
Atty. Gen., for defendants.

FRICK, J.

The Utah Fuel Company, a corporation, hereinafter called plaintiff, makes this application to annul a certain award made in favor of one John Doe Saris (since named Bertram S. Saris), by the Industrial Commission of Utah, hereinafter called Commission, upon the ground that in making said award the Commission acted in excess of its powers and jurisdiction.

The record shows that, pursuant to the Industrial Act of this state (Comp. Laws 1917, §§ 3061-3165), one Eliza Clark Saris, hereinafter called applicant, on the 15th day of March, 1924, made application to the Commission for compensation "for herself and for and in behalf of her unborn child," called John Doe Saris in the application, and who will hereinafter be designated as beneficiary; that compensation was asked on account of the death of the applicant's husband, Sam Saris, who was killed while in the employ of the plaintiff in its coal mine at Castle Gate, Utah, on the 8th day of March, 1924; that a hearing was duly had upon the application, at which hearing it was shown that the applicant was married to Sam Saris, hereinafter called the deceased, on the 16th day of June, 1923; that they lived together as husband and wife until his death; that the deceased, before marrying the applicant, had been married to one Ruby Saris, a sister of the applicant, and that a divorce had been duly granted in the district court of Carbon county, Utah, on the 25th day of April, 1923, dissolving the marriage relation existing between deceased and said Ruby Saris; that the divorce was granted less than two months prior to the marriage of the deceased to the applicant; that on the 8th day of March, 1924, the deceased was accidentally killed in the course of his employment while working in plaintiff's coal mine at Castle Gate, Utah; that on the 15th day of June, 1924, the applicant filed her application for compensation as aforesaid; that the wages earned by the deceased at the time of his death were sufficient to entitle those dependent upon him to the maximum amount allowd under the Industrial Act, to wit, $16 per week; that said applicant was pregnant when she made her application for compensation, and that thereafter, on the 28th day of

August, 1924, she gave birth to the beneficiary herein; that the beneficiary is the child of the deceased, and is the fruit of the marriage between him and the applicant. The Commission found all the other jurisdictional and material facts. The foregoing, however, are sufficient for the purposes of this review.

The Commission decided and held that, in view that the applicant and the deceased were married prior to the time that the divorce granted to the deceased had become final, that for that reason the marriage between the applicant and the deceased was null and void, and hence the applicant was not the legal widow of the deceased, and that she was not legally a dependent under the Industrial Act. Her claim for compensation for and on her own behalf was, therefore, disallowed. The Commission, however, decided and held that by virtue of the provisions of Comp. Laws Utah 1917, § 6413, the beneficiary was the legitimate posthumous child of the deceased, and was dependent upon him for support, and therefore was entitled to compensation.

The Commission accordingly made an award of $16 per week, for a period of not exceeding 312 weeks, in favor of the beneficiary. The plaintiff duly filed its application for a rehearing before the Commission, which was denied, and this proceeding followed.

Plaintiff's first contention is that the application for compensation in this case was not made by a person authorized by law to make the application, and that therefore the Commission was without authority or jurisdiction to entertain the application. Comp. Laws Utah 1917, § 3141, as amended by chapter 67, Laws Utah 1921, so far as material here, provides:

"* * * In all cases of death where the dependents are a widow and one or more minor children, it shall be sufficient for the widow to make application to the commission on behalf of herself and minor children; and in cases where all of the dependents are minors, the application shall be made by the guardian or next friend of such minor dependents. * * *"

Section 3140 of that compilation, as amended by chapter 67 aforesaid, provides that a female child under the age of 18 years and a male child under the age of 16 years shall be

presumed to be wholly dependent for support upon a deceased employé, and shall be presumed to be so dependent upon the parent with whom such child is living at the time of the death of such parent. The section further provides that the word child "shall include a posthumous child," etc. If, therefore, the applicant had been legally married to the deceased, there could be no question respecting her legal right to make the application on behalf of her unborn child. Does the fact that it developed at the hearing that her marriage was void affect the jurisdiction of the Commission? The applicant clearly had a right to make an application for compensation on her own behalf, and the Commission had jurisdiction to hear and determine her application either for or against her. True it is that in view that she was not the legal wife of the deceased she was not legally entitled to compensation. The Commission, however, could not decide in advance of her application whether she was legally entitled to compensation or not. That could only be determined after the facts respecting her relationship to the deceased had been **1-3** legally established. The Commission, therefore, had jurisdiction of the application when it was made, and it had the power under the Industrial Act to decide, just as it did decide, that the applicant was not the legal wife of the deceased and therefore not entitled to compensation. Upon the other hand, the Commission also had the power to determine and decide whether or not, the beneficiary was the child of and legally dependent upon the deceased, and whether as such child he was entitled to compensation. The mere fact that the Commission may make an erroneous decision does not affect its jurisdiction to hear and decide. Moreover, in view that no objection was made to the application before the Commission, either on the original hearing or on the rehearing, the objection comes too late. We, however, prefer to base our decision upon the broad ground that the applicant, as the mother of the beneficiary, had the legal right under the statute to make the application. There is, therefore, no merit in this contention, and it is overruled.

It is further insisted that the award in favor of the bene-

ficiary is contrary to law, for the reason that under the law he is merely the illegitimate child of the deceased, and hence is not protected by our Industrial Act. Comp. Laws Utah 1917, § 6413, reads as follows:

"Every illegitimate child is an heir of the person who acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock. The issue of all marriages null in law, or dissolved by divorce, are legitimate."

It is strenuously urged by plaintiff's counsel that the provisions of that section do not apply to the beneficiary. As we understand counsel, their contention is that the provisions of that section apply only to children who are the fruit of so-called polygamous marriages. As will hereinafter appear, such is not the case. The contention, however, requires us to examine somewhat into the history of section 6413, supra.

The section was originally enacted in 1884, Laws Utah 1884, p. 75, § 4. From there it was carried into Comp. Laws Utah 1888. 2 Comp. Laws Utah 1888, § 2742. The provisions of that section were annulled in 1887 by what is commonly known as the Edmunds-Tucker Law. See 24 U. S. Stats. at Large, p. 637. In 1895, the people of Utah, pursuant to the enabling act passed by Congress, adopted a Constitution, and on the 4th day of January, 1896, Utah became a state. The first session of the state Legislature of Utah, with certain modifications, reinstated the provisions of section 6413. See Laws Utah 1896, p. 128. At the same session, however, the Legislature adopted the following act:

"Section 1. That the issue of bigamous and polygamous marriages, heretofore contracted between members of the Church of Jesus Christ of Latter-day Saints, born on or prior to the fourth day of January, A. D. eighteen hundred and ninety-six, are hereby legitimated; and such issue are entitled to inherit from both parents, and to have and enjoy all rights and privileges to the same extent and in the same manner as though born in lawful wedlock." Laws Utah 1896, p. 271.

In 1898, however, section 6413 was re-enacted, and thus was reinstated in the form it was when it was annulled by the act of Congress in 1887. The act of Congress, after Utah be-

came a state, necessarily ceased to have any effect. In connection with section 6413, however, we have also the Act of 1896, heretofore referred to, relating to children of polygamous marriages born prior to January 4, 1896. Section 6413 thus became the law again in 1898 and has continued in full force and effect to the present time. That section, therefore, is the law of this state respecting illegitimate children born as the fruit of void marriages, except as modified by the Act of 1896, which became section 2850 of the Revised Statutes of Utah 1898, and constitutes section 6430 of Comp. Laws 1917. Section 6430 has thus been in force since 1896, while section 6413 was re-enacted in 1898, and both sections have been in force ever since.

The language of section 6413 is that: "The issue of all marriages null in law, or dissolved by divorce, are legitimate." That language, unless modified by section 6430, supra, includes all children born of void marriages. In view that the provisions of section 6430 cannot and do not apply to the beneficiary herein, we are not now concerned with the question of how far those provisions modify those of section 6413, and hence we do not decide that question.

In view, therefore, that under our statute (Comp. Laws Utah 1917, §§ 2967 and 3003) the marriage of applicant to the deceased was null and void under our statute, and as held by this court in *Sanders* v. *Industrial Commission,* 64 Utah 372, 230 P. 1026, the applicant could not be awarded          4 compensation under the Industrial Act. Keeping in mind, however, all of the provisions of our statute, we are forced to the conclusion that it was the intention of the Legislature of this state to declare all of those children that are the fruit of marriages that are void under our statute (unless those mentioned in section 6430 are an exception) as legitimate and entitled to all the benefits of children born in lawful wedlock. Whether those mentioned in section 6430 are excepted from the general rule just stated, as above indicated, we do not now decide. The law is humane and appeals to every man's sense of justice and fairness. Why should a child which is the fruit of a void marriage be punished for the wrongful

act of its parents? If any punishment is to be inflicted, let it fall upon those who are the actors in the drama and not upon the innocent and helpless. Moreover, society is benefited by every humane and just law, while it is injured by every law that inflicts injustice upon even the humblest member of society. It is just as important that children born of such marriages be protected as it is that other children are. The conclusion of the Commission awarding compensation to the beneficiary is therefore not vulnerable to the objection raised by plaintiff.

This brings us to the third and final contention why the award should be annulled.

It appears from the record that upon the request of the attorney for the applicant the Commission appointed the Tracy Loan & Trust Company as trustee, to whom the payments should be made from time to time as they are required to be made by the plaintiff for the use and benefit of the beneficiary. Plaintiff insists that the Commission has no power to require it to pay any money, except to a legally appointed and qualified guardian. We cannot yield assent to the contention. There is nothing in the Industrial Act which requires any such formality. The Commission has full power to determine how, when, and to whom payments shall be made for the use and benefit of a dependent. The Commission has continuous jurisdiction of the payments, and can at any time when necessary or convenient require the employer or insurance carrier to make payments to another than the one who was originally designated to receive them. In our judgment the employer or insurance carrier is not concerned with respect to whom the payments are directed to be made. We can see some reason why a beneficiary might object. We can conceive, however, of no good reason why employers, or insurers may object, provided, always, that they are protected in making the payments. If they pay as directed by the Commission they are necessarily relieved of further liability. The whole matter is entrusted to the Commission, and its orders, if not prohibited by law, are binding upon all concerned. Moreover, this objection does not affect the jurisdic-

tion of the Commission, and hence does not affect the legality of the award. The objection merely assails the order of the Commission which is intended to make the award effective. Such an order, although it might be irregular, is not void. The statute, section 3086 of the Industrial Act, provides:

"A substantial compliance with the requirements of this title shall be sufficient to give effect to the orders of the commission, and they shall not be declared inoperative, illegal, or void for any omission of a technical nature in respect thereto."

The order is therefore not void, and if found insufficient in any respect may be changed at any time by the Commission. The Commission, no doubt, should require the money to be applied for the benefit of those for whom it is intended and should likewise protect those who are required     6-8 to pay from assuming unnecessary risks. There can be no doubt, however, if the Tracy Loan & Trust Company accepts the trust, and plaintiff pays the money to it, that plaintiff will be fully protected in the premises.

We remark that we do not wish to be understood by anything that we have said as holding or indicating that the Commission's action in directing payment to be made to a particular person or persons may not be reviewed in a proper proceeding on complaint or motion of the beneficiary, or on the complaint or motion of any one acting on behalf of the beneficiary, where the latter is a minor, but all that we do hold is that where, as here, the Commission had jurisdiction of the subject-matter and of the parties, the employer or the insurance carrier is fully protected in making payment as directed by the Commission.

In view of what has been said, it follows that the award made by the Commission in favor of the beneficiary should be, and it accordingly is, affirmed. It is further ordered that the plaintiff pay the costs of this proceeding.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.