Gierak, Appellant, *v.* Lehigh & Wilkes-Barre Coal Company.

Argued March 2, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*John H. Dando,* and with him *Arthur A. Maguire* and *Charles M. Bowman,* for appellant, cited: Utah Fuel Company v. Industrial Commission, 234 Pacific 697.

*G. S. McClintock,* and with him *Evan C. Jones* and *J. H. Oliver,* for appellee, cited:. Wettach v. Horn, 201 Pa. 201; Bell v. Terry & Tench Co., 163 New York 733.

OPINION BY BALDRIGE, J., April 15, 1931:

The sole question involved in this appeal is whether a posthumous, illegitimate child is entitled to recover under the Workmen's Compensation Act for the death of his father.

Walter Gierak, Sr., was fatally injured in the course of his employment. At the time of his death on April 13, 1928, he was living in meretricious relations with the claimant. His wife and claimant's husband were both confined at that time in an insane institution; neither of them was divorced. The employer, the Lehigh and Wilkes-Barre Coal Company, entered into a joint compensation agreement with the guardians of certain minor children, whereby compensation in the sum of $5,271.60 is to be paid. This agreement was approved by the Workmen's Compensation Board on August 6, 1928. The minors thus provided for are two children of the claimant by her legal husband, one legitimate child of the decedent, and one illegitimate

child of the decedent and the claimant. On December 23, 1928, eight months and ten days subsequent to the death of Walter Gierak, the claimant gave birth to another child, named Walter Gierak, Jr., of whom the deceased, under the claimant's testimony, was the father, and for whom she now asks compensation.

Section 307, clause 7, of the amending Act of June 26, 1919, P. L. 642, to the Workmen's Compensation Act, provides: "The terms 'child' and 'children' shall include stepchildren and adopted children and children to whom he stood in loco parentis, if members of decedent's household at the time of his death, and shall include posthumous children." It will be noticed that it is stated with particularity that stepchildren, adopted children, posthumous children, as well as children to whom a decedent stood in loco parentis, come within its humane provisions. By fixing this limitation, the lawmakers must have intended to exclude all others. It would certainly be an unwarranted implication to extend its meaning to an illegitimate, posthumous child. This is especially true when we consider that the term "child," in its ordinarily legal sense, implies the idea of a marriage relation and not one begotten and born out of lawful wedlock: Wettach v. Horn, 201 Pa. 201. The legal construction generally placed upon the word "children" is confined to legitimate children: 1 Bouvier's dictionary, Rawle's Third Rev. 479. A gift to children in a will includes legitimate children only unless it appears that illegitimate children were clearly intended: Appel v. Byers, 98 Pa. 479; Bealafeld v. Slaughenhaupt, 213 Pa. 565. A "'child' in legislative enactments, as in legal parlance generally, means only and exclusively a legitimate child": Overseers v. Overseers, 176 Pa. 116. We may conclude, therefore, that a posthumous, illegitimate child, as such, is not within the contemplation of the legislation.

Nor could the child come under the class to whom

the deceased stood in loco parentis. As has been already stated, the child was not born until over eight months after the death of the putative father. Consequently, there was no affirmative proof of actual dependency, either sole or partial, which is essential to compensation: Shumkas v. P. & R. C. & I. Co., 280 Pa. 88. The deceased, of course, never was in the position of a lawful father and had not assumed the obligation incident to parental or family relationship, as required: Wetherby v. Dixon, 19 Ves. Jr. 406; Marsh v. Taylor (N. J.), 10 Atl. 486, 488. But it is argued by the appellant that the child would have become a member of the deceased's household, if he had lived; the problematical attitude of the putative father, if he had survived, is not the test. Compensation is not awarded on conjecture; dependency is essential and is a fact to be proven. This unborn child, naturally, was not a member of deceased's household *"at the time of his death,"* which is the criterion that controls.

Our attention has been called by the appellant to the case of Utah Fuel Co. v. Industrial Commission, 65 Utah 100; 234 Pac. 697. But Utah has a statute peculiar to that state, which provides that "the issue of all marriages null in law or dissolved by divorce are legitimate," so that the child for whom compensation was claimed, although the parents were not legally married, was nevertheless legitimate.

In England, a posthumous, illegitimate child may be a dependent, as in the British Workmen's Compensation Act of 1906, an illegitimate child is expressly included as a dependent. See L. R. A. 1916A, page 124.

Neither of these decisions, construing entirely dissimilar statutes, throws any light on the statute under consideration.

In other jurisdictions in this country, illegitimate children are not included within the protection of the Workmen's Compensation Act. See Murrell v. In-

dustrial Commission (Ill.), 126 N. E. 189; Bell v. Terry and Tench Co., 163 N. Y. 733; 177 App. Div. 123. The common law that a bastard is nullius filius has been considerably modified by our statutes. Under Sec. 15 of the Interstate Act of 1917, P. L. 429, the mother and maternal grandparents of an illegitimate child, and the child, shall have capacity to take or inherit from each other, personal estate as next of kin, and real estate as heirs, but this statute expressly provides that this "section is not intended to change the existing law in regard to the father of such child and his heirs and next of kin." Although the Workmen's Compensation Act should receive a liberal construction, we are not justified in enlarging its scope so as to include a class not provided for. This is the duty of the legislature and not the courts.

A careful consideration of the entire record brings us to the conclusion that the learned court below properly determined that an illegitimate, posthumous child is not entitled to compensation.

The decree of the lower court is affirmed.