## Bonus Payments to Children

LEHRMAN, Deputy Attorney General, January 17, 1951.—You request advice on the interpretation of the

words "surviving *minor child* or surviving *minor children*" as contained in section 6 of the World War II Veterans' Compensation Act of June 11, 1947, P. L. 565, 51 PS §455.1 et seq. You state several claims have been presented to you and it becomes necessary for you to decide whether the following classes of children are entitled to bonus payments: (1) Adopted children; (2) stepchildren; (3) illegitimate children.

The act does not define "child" or "children". It is, therefore, incumbent upon us to interpret these words.

Section 6 of the World War II Veterans' Compensation Act, supra, provides in part as follows:

"Section 6. Persons to Whom Payments Shall be Made in Case of Death or Mental Incapacity. Whenever, prior to the date of distribution of compensation . . . payment shall be made by the Adjutant General . . .

"(b) In the case of death to the following persons in the order named:—. . . or surviving minor child, or surviving minor children, share and share alike, . . ."

Section 7 of the act also provides in part as follows:

"Section 7. Applicant to Designate Beneficiaries.— . . . If all persons, designated herein as entitled to compensation, shall die before payment thereof, the right to the compensation shall cease and determine. . . ."

The term "child" or "children" as used in statutes generally, has different meanings depending upon the nature of the legislation.

In addition to determining the interpretation of the word "child" or "children" it is necessary that we also fix the date when the interpretation of the words apply. The World War II Veterans' Compensation Act, supra, was passed in 1947 but was conditioned upon passage of a constitutional amendment which was not approved by the voters until 1949.

Many cases have arisen with veterans who were killed during actual hostilities in World War II (1941-1945). In many instances children born during that period have since been adopted by new parents. In some instances minor children have passed the age of majority before payment of the bonus will be made; and, in still other instances minor children have died prior to passage of the "Bonus Act".

In Busser et al. v. Snyder et al., 282 Pa. 440 (1925), the Supreme Court of Pennsylvania at page 449 said:

". . . Pensions or gratuities . . . are in the nature of compensation for a special and highly honored service to the State, implying the idea of a moral obligation on the part of the government; . . ."

Such moral obligation should not be violated by the sovereign through indirection.

Courts of other States hold that a bonus payment is to be treated as different from compensation in the ordinary sense. In State ex rel. Atwood v. Johnson, 170 Wis. 251, 176 N. W. 224 (1920), the Supreme Court of Wisconsin in upholding the constitutionality of the State's Educational Bonus Law said at page 256 of its opinion:

"Nor is the gift here made an extra compensation for services rendered, though it must be admitted that a pure gratuity is sometimes called extra compensation. . . . A gift like this rests upon no such foundation. Its purpose is not to make the soldier financially whole, but to express gratitude and stimulate love of country in those that give, in those that receive, and in the public at large, to the end that an impressive object lesson in patriotism may be engraved in the hearts of all."

Since the object of the World War II Veterans' Compensation Act, supra, was to give a gratuity to patriotic veterans, the act should be interpreted liberally. In our opinion, beneficiaries named in the act who are to

receive the monies upon the death of the veteran should not be technically limited if an interpretation of the whole act indicates an intention to benefit them.

It is our opinion that the act described the class "surviving minor child or surviving minor children" in a descriptive form. These beneficiaries are to be entitled to the bonus payment if, at the time of the death of the veteran as set out in section 6, they were legally a "surviving minor child or surviving minor children" of the veteran. There is no need, in our opinion, that they continue to remain a "surviving minor child or surviving minor children" until the time of payment. However, the fair interpretation of section 7 does require such beneficiaries to be alive at the time of the payment since the act specifically indicates the heirs of the beneficiaries are not to be entitled to any of its benefits. The term "child" is a word of purchase and not a word of limitation and has been so determined in the case of Reiff v. Pepo, 290 Pa. 508 (1927).

We turn now to your first inquiry on whether an "adopted child or children" are included within the meaning of the act.

The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501 et seq., provides at section 601:

"§601 Definition

"The following words and phrases, when used in any law hereafter enacted, . . . shall have the meanings ascribed to them in this section: . . .

"(21) 'Child' or 'children' includes children by birth or adoption."

Obviously, by applying the Statutory Construction Act, supra, all natural minor children at the date of the veteran's death, as well as legally adopted minor children at the date of his death are included in the class.

Turning to your next inquiry, what is the status of stepchildren? In the absence of manifest intention in the statute to the contrary, stepchildren are *not* generally included within the term "child".

The Statutory Construction Act, supra, limits such an interpretation, since the World War II Veterans' Compensation Act, supra, was passed after 1937.

In several workmen's compensation cases arising in Pennsylvania stepchildren have been held to be entitled to the benefits of the act. See Shimkus v. Phila. & Reading C. & I. Co., 280 Pa. 88 (1924), and Decker v. Mohawk Mining Co., 265 Pa. 508 (1920), wherein stepchildren who were receiving compensation under the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §§1 et seq., because of the death of their natural father were entitled to benefits through the death of their stepfather upon whom they were dependent. Section 307 of the Workmen's Compensation Act, supra, relating to awards of children of deceased employes, specifically contains the following language:

"The terms 'child' and 'children' *shall* include stepchildren and adopted children, and children to whom he stood in loco parentis, if members of decedent's household at the time of his death, . . ." (Italics supplied.)

In the case of Morris et al. v. Glen Alden Coal Co., 136 Pa. Superior Ct. 132 (1939), the court, in interpreting this section, stated at page 135 as follows:

". . . When the legislature decided, in its wisdom, to enlarge one of the classes of persons normally dependent upon a deceased employee, and described in the opening paragraph of the section as 'child or children,' by admitting thereto 'stepchildren and adopted children and children to whom he stood in loco parentis,' it had the right, and obviously intended, to stipulate that none of such 'children' should be entitled to com-

pensation unless he or she was actually living with the decedent at the time of his death. Only those so situated would be deprived of maintenance by reason thereof."

The legislature must have realized that there were many families in which boys and girls as stepchildren lived and were, for all practical purposes, members of the household. Their failure to specifically enlarge the term in the present World War II Veterans' Compensation Act, supra, is indicative that they did not intend such an interpretation to apply to this type of benefit.

We turn now to your inquiry if illegitimate children are included within the meaning of the term "child".

Generally, the word "child" as used in a statute, deed or will means *legitimate* child only. This is especially true when we consider that the term "child" in its ordinary legal sense implies the idea of a marriage relation and not one obtained by being born out of lawful wedlock. The legal construction generally placed upon the word 'children" is confined to legitimate children. See 1 Bouvier's Dictionary, 3rd rev. ed., page 479. It has been held that a gift to children in a will includes legitimate children only, unless it appears that illegitimate children were clearly intended. See Appel v. Byers, 98 Pa. 479. In Overseers, etc., v. Overseers, etc., 176 Pa. 116 (1896), which dealt with the construction of poor statutes relating to the indigent, it was held a " 'child' in legislative enactments, as in legal parlance generally, means only and exclusively a legitimate child".

In the case of Gierak v. Lehigh and Wilkes-Barre Coal Company, 101 Pa. Superior Ct. 397 (1931), it was held a posthumous, illegitimate child, is not within the contemplation of section 307 of the Workmen's Compensation Act, supra.

We are not unmindful that for purposes of benefits under the Federal Veterans Administration Act

the term "child" in many instances includes an illegitimate as well as stepchild. See Vets. Reg. No. 10, par. VI (as amended July 13, 1943, chap. 233, §7, 57 Stat. at L. 556), 38 CFR, §2.1042 (9 Fed. Reg. 7835); 38 CFR, 1943 Supp. §5.2515(b), adopting by reference §5.2514(c). The same definition was adopted in 38 U. S. C. §735 (December 14, 1944, chap. 581, §6, 58 Stat. at L. 801). See also Am Vet, sec. 38.

A distinction might be pointed out between the administration of the Federal Veterans Administration Act and the State Bonus Act in that the Federal Government attempts to supervise, over a period of years, the payment of funds to the various child beneficiaries. Agencies of the Federal Veterans Administration exist in every State of the union and they can readily check upon the proper application of monies paid to such beneficiaries. The serious problem of administration of our act arises in attempting to administer broad interpretations on identity of beneficiaries who may reside now in remote portions of the world. This may have been a specific reason why the legislature did not enlarge the definition of the word "child" or "children" to include illegitimate child or children. The weight of authority under various Workmen's Compensation Acts indicates that illegitimate children are not interpreted within the meaning of "child". See 24 A. L. R. 565.

It is our opinion, and you are therefore advised, that the term "surviving minor child or surviving minor children" means natural child or children or adopted child or children of the deceased veteran at the time of his death and that such persons are entitled to bonus payments under section 6 of the World War II Veterans' Compensation Act, supra, providing they are alive at the time payment is made.

It is our further opinion, and you are therefore advised, that stepchildren or illegitimate children are not

entitled to the benefits of the World War II Veterans' Compensation Act, supra.