497 P.2d 652

Judyth Oswald KENT, Plaintiff
and Appellant,

v.

Robert Douglas KENT, Jr., Defendant
and Respondent.

No. 12665.

Supreme Court of Utah.

May 26, 1972.

James A. McIntosh, Salt Lake City, for plaintiff and appellant.

Kenneth Rigtrup, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The parties to these proceedings were divorced by a decree of the district court on November 15, 1968. The decree awarded to the plaintiff the sum of $160 per month as alimony.

The plaintiff filed these proceedings on or about March 30, 1971, wherein she petitioned the court to enforce the alimony provisions of the decree and for other relief. From an adverse decision the plaintiff has appealed to this court.

The defendant had made the monthly payments through March, 1970, at which time he ceased making further alimony payments. On or about March 20, 1970, the plaintiff entered into a purported marriage

with one Gary L. Thulin. Thulin represented to the plaintiff that his prior marriage had been terminated by a divorce. The plaintiff lived with Thulin for a short time and upon learning that he was still married to his former wife and unable to contract a valid marriage, she ceased to live or to cohabit with him. The plaintiff commenced an action to annul her marriage to Thulin and a decree annulling the marriage was entered on June 4, 1971. After the plaintiff's purported marriage and prior to these proceedings she conceived and gave birth to a child.

The trial court found that the plaintiff's conduct in conceiving a child after learning that her marriage to Thulin was void constituted an election on her part to look to Thulin for support and that she was estopped from claiming alimony from the defendant from and after the date of the purported marriage. The court did make certain adjustments in the original decree by increasing the child support payable by the defendant.

▮▮▮ Plaintiff is here seeking a reversal of the decision of the court below insofar as it pertains to the defendant's obligation to pay alimony. The rule as laid down by prior decisions of this court is to the effect that a divorced wife upon remarriage loses her right to claim alimony from the first husband.[1] However, in this matter the marriage between the plaintiff and Thulin was a nullity from its inception. The marriage being void ab initio was not a sufficient foundation upon which the plaintiff could claim the right of support from Thulin, nor did the decree of annulment award support to her.[2] The right of the plaintiff to claim alimony was not terminated by her entering into the void marriage, and we are of the opinion that the trial court was in error in so holding, especially in view of the fact that the record indicates that the plaintiff was dependent upon charity for her maintenance.[3] Nor do we think that the plaintiff having conceived and given birth to a child estops her from claiming the right of alimony from the defendant.

The decision of the court below is reversed and the matter remanded for a new trial. No costs awarded.

We concur:

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ.

1. Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284, 48 A.L.R.2d 256.

2. Sanders v. Industrial Comm., 64 Utah 372, 230 P. 1026.

3. 48 A.L.R.2d 296, Sec. 9.