Suzanne PROCTOR, on Behalf of her minor daughter, Angela Beth PROCTOR, Plaintiff and Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA and Shirley Fletcher aka Shirley Worthen, Defendants and Respondents.

No. 19288.

Supreme Court of Utah.

Feb. 28, 1986.

William W. Downes, Jr., Salt Lake City, for plaintiff and appellant.

H. James Clegg, Kent M. Kasting, Salt Lake City, for defendants and respondents.

STEWART, Justice:

This is a dispute as to which of two claimants is entitled to the proceeds of two accident insurance policies on the life of Willis Proctor. On April 24, 1966, Willis and Suzanne Proctor were married. A daughter, Angela Proctor, one of the claimants, was born during the marriage. In March 1968, Willis and Suzanne were divorced. However, on July 15, 1967, some nine months prior to the divorce becoming final, Willis Proctor participated in a marriage ceremony with Shirley Fletcher, the other claimant of the insurance proceeds. Willis Proctor died September 29, 1980, from injuries sustained in an automobile accident.

In April, 1978, approximately eleven years after he participated in the marriage ceremony with Shirley Fletcher, Willis purchased accident insurance policies under a group plan from the Life Insurance Company of North America and selected a policy that insured both "member and spouse." In January 1979, Willis purchased a second insurance policy under the same "member and spouse" plan. In both policies no individual was specifically named as beneficiary. Instead, the order of priority of the beneficiaries was designated as: (1) husband or wife, (2) child or children, (3) mother or father, or (4) brothers or sisters.

After Willis' death, the insurance company paid the proceeds from the policies in the amount of $46,701.50 to Shirley Fletcher Proctor. An additional $1,900.00 remains to be paid. Suzanne Proctor filed a complaint on behalf of her daughter against the insurance company and Shirley Fletcher Proctor, and alleged that she was entitled to the insurance proceeds because Shirley was not Willis' lawful wife since Willis was still married when he and Shirley participated in the marriage ceremony. Therefore, according to Suzanne, Willis had no legal spouse at the time of his death,

and Willis' daughter, Angela, was entitled to the proceeds of the policies.

The trial court awarded the proceeds to Shirley. Willis' daughter, Angela Proctor, asserts on this appeal that she is entitled to insurance proceeds because Willis had no lawful wife at the time of his death.

The first issue to be addressed is whether the terms in the policies specifying who the beneficiaries are should be construed according to contract law or according to the law governing marital status.

██ Angela is correct in her assertion that the marriage between Shirley and Willis was illegal because the ceremony took place while Willis was still married to Suzanne. *See* U.C.A., 1953, § 30–1–2(2), which declares bigamous marriages void, and *Schurler v. Industrial Commission*, 86 Utah 284, 286, 43 P.2d 696, 697 (1935), which holds that common law marriages consummated in Utah are not legally recognized in the State of Utah. Angela further argues that a second marriage before a divorce has ended a prior marriage is void *ab initio. Kent v. Kent*, 28 Utah 2d 34, 35, 497 P.2d 652, 653 (1972); *Utah Fuel Co. v. Industrial Commission*, 65 Utah 100, 106, 234 P. 697, 699 (1925); *Hendrich v. Anderson*, 191 F.2d 242, 244 (10th Cir.1951). *See Anderson v. Anderson*, 121 Utah 237, 240, 240 P.2d 966, 967 (1952).

██ In determining who is entitled to the proceeds of a contract of insurance, however, the language of the policy must be construed to effectuate the intent of the insured or the person who purchased the policy. 46 C.J.S. *Insurance* § 1154 (1946). It is the law of contracts that is controlling in determining who the insured intended to be the beneficiaries, *cf. Bergera v. Ideal National Life Insurance Co.*, Utah, 524 P.2d 599, 600 (1974); *Moore v. Prudential Insurance Co. of America*, 26 Utah 2d 430, 432, 491 P.2d 227, 228 (1971); *Theros v. Metropolitan Life Insurance Co.*, 17 Utah 2d 205, 407 P.2d 685, 688 (1965), not the law of inheritance, 46 C.J.S. *Insurance* § 1154 (1946); *Turner v. Metropolitan Life Insurance Co.*, 56 Cal.App.2d 862, 865, 133 P.2d 859, 860 (1943). A leading treatise states:

> Words used in designating the beneficiaries of a life policy will not be given their technical significance, but will be construed broadly, in order that the benefit of the insurance shall be received by those intended by the insured as the objects of his bounty.

Vance, *Insurance, 3rd Ed.* § 92 (1951). *Accord* 2 Appleman & Appleman, *Insurance Law and Practice*, § 781 (1966). Nor does the law governing the validity of marriages control over the intent of the insured when the beneficiary is designated as the insured's wife. The rule is stated in 46 C.J.S. *Insurance* § 1160 (1946):

> If the beneficiary is named, or can otherwise be definitely identified, her designation as the wife of insured is descriptive only, and it is immaterial whether or not she is, or becomes his lawful wife, ... or even that another person is his legal wife....

*Mutual Benefit Life Insurance Co. v. Cummings*, 66 Or. 272, 133 P. 1169 (1913), is similar to the instant case. In *Cummings* the insured named "Evelyn M. Cummings, his wife" as the insured. In fact, Sophia J. Cummings was his wife, but Evelyn M. Cummings was his reputed wife. The court held that it was "morally certain that the parties to this contract intended that the proceeds of the policy should be paid to Evelyn M. and not to Sophia J." *Id.* at 1172. *Accord Levas v. Metropolitan Life Insurance Co.*, 175 Wash. 159, 26 P.2d 1032 (1933); *Metropolitan Life Insurance Co. v. Olsen*, 81 N.H. 143, 123 A. 576 (1923); 44 Am.Jur.2d, *Insurance* § 1732 (1982).

██ These cases are distinguishable on the ground that in each instance the beneficiary was a specifically named person described as the wife of the insured even though she was not. As a general proposition when the beneficiary is designated only as "wife," and not specifically named, the beneficiary must be the lawfully wedded wife of the insured. 46 C.J.S. *Insurance* § 1160 (1946). In the instant

case, the insured had divorced his first wife and gone through a marriage ceremony with Shirley Fletcher. Under the law of domestic relations, that ceremony was not valid. Nevertheless, it is clear that Willis intended Shirley Fletcher Proctor to be the beneficiary.

From the time he purchased the policies until his death, he had lived continuously with Shirley and had held her out as his wife. The couple filed joint tax returns as husband and wife for the years 1973 through 1979, except for the year 1976, when Willis filed a separate return. When he filled out a loan application, he declared that he was married, and two months prior to his death, on the anniversary of their wedding ceremony, Willis sent Shirley an anniversary card which began "For My Wonderful Wife on Our Anniversary." Finally, the conclusion that Willis intended Shirley to be the beneficiary of the policies is strongly buttressed by the fact that Willis purposely chose, and paid additional premiums for, policies that insured both him and his "spouse." Since his divorce from Suzanne Proctor had long since become final, the only person whom Willis could reasonably have considered to be his spouse was Shirley, even though his marriage to her may have been unlawful. In sum, we think it is clear that Willis intended Shirley to be the beneficiary. *See Sears v. Austin,* 292 F.2d 690 (9th Cir.), *cert. denied,* 368 U.S. 929, 82 S.Ct. 365, 7 L.Ed.2d 192 (1961), *overruled by statute* 5 U.S.C.A. § 8705(a) (West Supp.1985); *Jones v. Equitable Life Assurance Society,* La.App., 173 So.2d 373 (1965).

Affirmed. Costs to respondent.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.