# HOLTON v. HOLTON.

No. 7791.   Decided April 21, 1952.   (243 P. 2d 438.)

See 4 C. J. S., Appeal and Error, sec. 1028.

*D. Ray Owen, Jr., Lyle McLean Ward,* and *Charles L. Ovard,* all of Salt Lake City, for appellant.

*Ned Warnock, George A. Critchlow,* and *A. W. Watson,* all of Salt Lake City, for respondent.

## PER CURIAM.

In this case the respondent has moved to dismiss the appeal because the appellant failed to serve upon respondent a designation of record within the time and as required by Rule 75(a) U. R. C. P., although the designation of record was filed with the district court.

Rule 73(a) makes this failure to serve a designation of record on the respondent non-jurisdictional, but also gives this court the right and discretion to provide a remedy, including dismissal of the appeal.

Although the New Rules of Civil Procedure were intended to provide liberality in procedure, it is nevertheless expected that they will be followed, and unless reasons satisfactory to the court are advanced as a basis for relief from complying with them, parties will not be excused from so doing. *In re Plankington Building Company,* 7 Cir., 133 F. 2d 900; *Lopata* v. *Handler,* 10 Cir., 121 F. 2d 938; *U. S.* v. *Gallagher,* 9 Cir., 151 F. 2d 556. It is only when a showing is made that some inadvertence, surprise, excusable neglect or mistake has occurred and that substantial injustice will be done, that a party will be relieved from failure to comply with the rules.

From the record before us, there is not a sufficient showing that an injustice will be wrought and that the failure to serve the designation of record as required by the rule occurred because of excusable neglect or other cause as outlined above, which would require this court in the interests of justice, to relieve appellant from failure to comply with the rule.

Accordingly, the appeal is dismissed.