419 P.2d 634

**Virgil L. WOOD, Plaintiff,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant.**

**No. 10471.**

Supreme Court of Utah.

Aug. 10, 1966.

**230**

Jimi Mitsunaga, John D. O'Connell, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Justice.

Defendant, Warden of the Utah State Prison, moved to dismiss plaintiff's appeal from a denial of a petition for writ of habeas corpus.

The plaintiff, Virgil L. Wood, having been found guilty of the crimes of robbery and grand larceny by a jury on April 30, 1963, was sentenced to indeterminate terms in the Utah State Prison as provided by law for those crimes; sentences to run consecutive to one the plaintiff was then serving. A motion for a new trial was made and denied. On September 9, 1965 plaintiff filed a petition for a writ of habeas corpus in the District Court of the Third Judicial District of Salt Lake County, State of Utah. The matter was heard on September 30, 1965, at the conclusion of which the court stated that the petition was denied. This is indicated in the record. Within the one month allowed for appeal under Rule 73(a), U.R. C.P., to wit, on October 1, 1965 the plaintiff duly served and filed a notice of appeal. Four days thereafter, on October 5, 1965, there was signed and filed a formal judgment denying the petition. Defendant contends that the plaintiff's notice of appeal having thus been filed prematurely, this court is without jurisdiction to entertain the appeal.

It is true that this court has previously held that the filing of a notice of appeal *after* the expiration of the one month allowed by the rule is a jurisdictional defect.[1] Our conclusion in this case represents no departure from that holding. But counsel has not cited, nor has our research discovered any case which has ruled that the *premature* filing of a notice of appeal deprives this court of jurisdiction.

■ Our Constitution assures the right of appeal in all cases to the end that claimed errors or abuses may be reviewed by another tribunal.[2] It is usually held that statutes implementing the right of appeal are liberally construed and applied in the furtherance of justice; and that an interpretation which will prevent that right from being exercised is not favored.[3] The purpose of a notice of appeal is to advise the opposite party that the appeal has been taken and of the essentials requisite thereto. If it does so in substance, it should be given effect and mere technical defects should not defeat the right of appeal.[4] This is in accord with the generally desirable objective of not placing undue stress on technicalities where others are not adversely affected. Rule 61, U.R.C.P. provides that, " * * * no error or defect in * * * anything done or omitted by the court or by any of the parties, is ground for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." [5]

■■ The premature filing of the notice of appeal such as was done in this case should not be regarded as a defect which will ipso facto entirely deprive the appellate court of jurisdiction. It is an irregularity which would be grounds for dismissal of the appeal within the discretion of the court. Such remedy would undoubtedly be well advised in the cases where the judgment had not become definite, or had not become final, or where remedies before the trial court had not been exhausted. No such circumstance exists here. The final written judgment which was filed is exactly in accord with the ruling appealed from. We cannot see that the defendant was put to any disadvantage or that his rights were

1. See Anderson v. Anderson, 3 Utah 2d 277, 282 P.2d 845 (1955).
2. Constitution of Utah, Article VIII, § 9.
3. Sutherland Statutory Construction, 3d Ed. § 6807.
4. See Nunley v. Stan Katz Real Estate, Inc., 15 Utah 2d 126, 388 P.2d 798 (1964); Price v. Western Loan and Savings Company, 35 Utah 379, 100 P. 677 (1909).

5. Secs. 77-40-3 and 77-42-1, U.C.A.1953, require that all errors which do not affect the substantial rights of the parties must be disregarded; and § 68-3-2 provides: "The statutes * * * of this state * * * and all proceedings under them are to be liberally construed with a view to effect the objects of the statute and to promote justice. * * *"

**232**

adversely affected by the irregularity of procedure here. It is our opinion that the ends of justice will best be served by hearing the case on its merits.

The motion to dismiss the appeal is denied.

McDONOUGH and CALLISTER, JJ., concur.

WADE, J., heard the arguments but died before the opinion was filed.

HENRIOD, Chief Justice (commenting).

The main opinion in this case, presumably presented and designed for publication in the national reports system, is premature. The matter is before us on *motion to dismiss the appeal,*—not on a regular appeal, under the Rules, from a final judgment. It would be a dangerous precedent if we presumed to pen a definitive and conclusive decision on any or all motions to dismiss an appeal.

The danger of the main opinion, if published as our official decision, laying down a rule of law under the facts of this case, is that it would reverse many decisions of this court to the effect that there can be no appeal except from a *final judgment* of the lower court.[1] At the time of filling notice of appeal in this case, clearly, obviously and chronologically there was no *final judgment* in the record, as the main opinion concedes. *The reasoning seems to be that, "Well, no one was hurt, so let's ignore the rules and our cases."*

The same reasoning could have been entertained in the cases cited in footnote one hereof, but wasn't. The same reasoning could have been indulged in Anderson v. Anderson,[2] where notice of appeal was filed only one day late,—even though no party to the appeal felt it was injured by the delay, but where this court, without anyone asking it to say so, said whether anyone was injured or not, the matter was jurisdictional, *and that this court had no jurisdiction to hear the matter.*

The cases in footnote one, and the Anderson case, with respect to fundamental principles, are identical to this case so far as jurisdictional concepts are concerned. If the main opinion is documented and published as the most recent pronouncement of the law in this state, in my opinion the rules with respect to 1) appeals from *final judgments,* and 2) the time within which to file

1. See cases in Note 27, to Rule 72(a), Utah Rules of Civil Procedure, Vol. 9, p. 782, Utah Code Annotated 1953; Everett v. Jones, 32 Utah 489, 91 P. 360 (1907);

Candland v. Mellen, 46 Utah 519, 151 P. 341 (1915); Haslam v. Paulsen, 15 Utah 2d 185, 389 P.2d 736 (1964).
2. 3 Utah 2d 277, 282 P.2d 845 (1955).

them, are impotent, flatulent and no longer controlling.

I have difficulty in agreeing wholeheartedly with the main opinion's statement that the "notice of appeal is to advise the opposite party that the appeal has been taken and of the essentials requisite thereto,"—if that means that this is the only reason for such notice. This is a disarming statement, which, if true, would have required that the cases in footnote one herein should have been decided contrariwise, and that Anderson v. Anderson, supra, was erroneously decided. In my opinion, the main opinion's quoted statement is only adjunct, not controlling, as to the main purpose of the notice of appeal,—to preserve a right and to preserve the jurisdictional status of the courts, —not simply to apprise adversary parties of the fact that an appeal has been taken. Most times people know this by newspaper, radio, television, and often by word of mouth or by inquiry of counsel for him who might be a respondent.

I strongly urge that the main opinion not be published, since 1) it is a result arising not out of a regular appeal where the whole record would be before us, but only on a motion to dismiss, and 2) it will upset all the cases we have decided with respect to appeals from final judgments, and 3) would reverse Anderson v. Anderson.

I vote to grant the motion to dismiss, on statutory and precedential grounds.