**Hope H. OPENSHAW (Wallace), Plaintiff and Appellant,**

v.

**Richard Creed OPENSHAW, Defendant and Respondent.**

**No. 17369.**

Supreme Court of Utah.

Dec. 18, 1981.

L. E. Midgley, Salt Lake City, for Openshaw (Wallace).

Brian M. Barnard, Salt Lake City, for Openshaw.

HALL, Chief Justice:

Plaintiff appeals a modification in a divorce decree reducing the monthly amount of child support and allowing defendant one child as a dependent for income tax purposes.

After 17 years of marriage and two children, the parties were divorced on March 4, 1977. Included in the decree of divorce was a provision that defendant pay child support as follows:

That the Defendant be and is herewith ordered to pay to Plaintiff the sum of $100.00 per month per child, or a total of $200.00 per month as support for said minor children, said payments to be made one-half on the 1st and one-half on the 15th of each month until said children reach the age of 18.

Defendant be and is herewith further ordered to pay to Plaintiff 50% of any increase in income or earnings over his present take-home earnings of $475.00, as additional support for said children, up to $800.00 per month earnings, or $200.00 per child, or a total of $400.00 per month as support for said children.

Defendant was also "ordered to reimburse plaintiff for prescriptions required for the treatment of [minor child] Thomas for his asthma and blood disease." Plaintiff was authorized to claim both children as deductions for income tax purposes.

In early 1980, plaintiff petitioned the court, *inter alia*, to reduce arrearages in child support to judgment and to modify the decree to require increased child support ($250 per month per child). Defendant filed a cross petition requesting that the decree be modified to set a specific and permanent amount for child support and to allow him to claim the minor children as dependents for income tax purposes.

On March 14, 1980, the court granted judgment against defendant for $1,200 in support arrearages plus $100 attorney's fees. On March 28, 1980, the cross petitions for modification were heard.[1] Evidence was proffered by both parties. Financial statements of both parties were submitted along with plaintiff's paycheck stubs. The court reviewed the pleadings and the matter was argued by counsel.

After hearing the evidence, the court ruled that there had been a substantial change in circumstances. The court thereupon modified the decree. Child support was set at $175 per month per child and defendant was allowed to claim both children as dependents for tax purposes. Thereafter, the hearing was reopened and the order was modified to allow one dependent each.

On appeal, plaintiff challenges the factual findings of the trial court. The general rule has been stated as follows:

The modification of divorce decree is a matter of equity, and it is the duty and prerogative of this Court to review both the facts and the law. However, it is likewise true that on review this Court will accord considerable deference to the judgment of the trial court due to its advantaged position and will not disturb the action of that court unless the evidence clearly preponderates to the contrary, or the trial court abuses its discretion or misapplies principles of law. [Citations omitted.][2]

Clearly there was a material change in the circumstances of the parties. The health of the minor child Thomas had improved such that plaintiff could work. Plaintiff had a substantial income[3] whereas at the time of the divorce she had none. Plaintiff had voluntarily increased her house payments from $212.00 to $343.45 per month. The defendant had remarried and was legally obligated to support his stepdaughter. At the time of hearing, defendant was employed at Kennecott Copper Corporation, earning $1,209.46 net per month. Through his employment, defendant had secured health and accident insurance for the benefit and protection of his two natural children, now teenagers.

Such evidence does not *clearly preponderate* that the trial court erred in adjusting

---

1. Plaintiff's request for an increase in support was withdrawn at the hearing.

2. *Christensen v. Christensen*, Utah, 628 P.2d 1297 (1981).

3. At the time of the modification hearing, plaintiff was earning $769 net per month.

the equities of the parties as it did. Neither was there an abuse of discretion when the court reduced the monthly support for each child from $200 to $175 and allowed each party to claim one child for tax purposes.[4]

Plaintiff also challenges the decision as being based on a "misapplication of law." Specifically, plaintiff contends that the court improperly considered plaintiff's earnings as well as defendant's obligations to his "new family."

Plaintiff contends that "[d]efendant may not benefit from plaintiff's industry in her efforts to support herself and the children." Plaintiff seems to suggest that it is only the defendant's "change of circumstances" that will be considered in a modification hearing. This simply is not the law. Equity involves the weighing of the circumstances *of the parties.*

█ It is also proper to consider obligations incurred since the divorce to support a "new family," including a step-child. In *Wright v. Wright,*[5] we held that "the undertaking to support stepchildren does not relieve the parent of his obligation to support his own natural children." Thereafter, in 1979, the legislature enacted U.C.A., 1953, 78–45–4.1 which provides as follows:

> A step-parent shall support a step-child to the same extent that a natural or adoptive parent is required to support a child.

Although the obligation to support a second family does not replace the obligation to support one's natural children, it is certainly a factor to be considered in making a modification of a divorce decree.

The judgment of the trial court is hereby affirmed. No costs awarded.

STEWART, HOWE and OAKS, JJ., and RONALD O. HYDE, District Judge, concur.

---

4. The court found that plaintiff's monthly expenses for her support and that of the two minor children was $896.35 and that defendant furnished more than 50% of the necessary monthly support for at least one of the children.

5. Utah, 586 P.2d 443 (1978).