U–M INVESTMENTS, a Utah limited partnership, Plaintiff and Respondent,

v.

Dale V. RAY and Phebe Ray; Jay C. Hansen and Ardelle H. Hansen; Harry Randall and Dema Randall; Fred Bergstrom and Connie Bergstrom; Howard Thorley and Treva Peg Thorley; W. Gary Rinehart and Genevive Rinehart; Lawrence D. Lawlor and Barbara J. Lawlor; Terrel L. Bird and Janet L. Bird, Defendants and Appellants,

v.

ROCKY MOUNTAIN TITLE AND ABSTRACT COMPANY, a Utah corporation, and Franklin H. Butterfield, Third-Party Defendants.

No. 18216.

Supreme Court of Utah.

Nov. 9, 1982.

Rollin Thorley, American Fork, Michael W. Park, Cedar City, David E. West, Salt Lake City, Hans Q. Chamberlain, Cedar City, for defendants and appellants.

James P. Cowley, Salt Lake City, for plaintiff and respondent.

David M. Crosby, Orem, for Butterfield.

Cullin Y. Christensen, Provo, for Rocky Mountain Title and Abstract Co.

PER CURIAM:

This opinion concerns two motions to dismiss an appeal from a judgment entered December 23, 1981, adjudicating interests and water rights of the parties in the Beaver-Escalante drainage area. That judgment was incident to a general adjudication ordered by the State Engineer on September 1, 1966. What follows addresses only procedural matters involving the jurisdiction of the Court to review issues raised. The specific question presented is whether a notice of appeal must be filed within one month *after an amended judgment* has been entered where the time for appeal from the original judgment has been extended under Rule 73(a)[1] by the timely filing of a post-judgment motion.

When a judgment has been appealed, the lower court loses jurisdiction unless jurisdiction is retained or reinstated by motion made within 10 days after judgment under any one of the following Rules: 50(b), 52(b), or 59.[2] We are concerned here only with Rule 59, and particularly subsection (a)(6)

---

1. Unless otherwise indicated, the "Rules" referred to are the Utah Rules of Civil Procedure.

2. Jurisdiction may also be retained under specific statutory authority such as continuing jurisdiction over divorce matters.

thereof, which provides that a court may enter a new judgment based on "Insufficiency of the evidence to justify the verdict or other decision, or that is against law."

Two groups of defendants filed timely motions attacking the findings and judgment on the grounds that they were irreconcilable with the facts adduced. The motions qualified under Rule 59 and were filed the day after the judgment was entered. These motions therefore effectively activated the following provision of Rule 73(a):

> The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry in the Register of Actions of any of the following orders ...: granting or denying a motion [under Rules 50(b), 52(b), or 59].

 After the motions were made by the defendants, both groups filed a notice of appeal from the December judgment. Had no motions been filed under Rule 59 within 10 days of the judgment, such notices of appeal clearly would have been timely. However, under Rule 73(a) the timely motions filed to upset the judgment rendered the notices of appeal ineffective. The time for appeal therefore automatically was rescheduled, and an appeal then had to be taken within one month from the date of the Register of Actions entry that denied defendants' motions or amended the judgment. The "minute entry" that disposed of the motions, presumably noted in the Register of Actions, was entered on March 8, 1982; hence a notice of appeal had to be filed within one month *after* such date. No one filed a notice of appeal after March 8, 1982, nor after the amended judgment. It follows that the motions to dismiss filed by the plaintiff and some of the other defendants are well-taken. *See Century Laminating, Inc. v. Montgomery,* 595 F.2d 563 (10th Cir.1979), for a discussion of this problem.

It is alleged that in filing their untimely notice of appeal, some appellants expressly reserved their rights to appeal "other claims" under Rule 72. At the time the notice of appeal was filed, there were no other claims asserted or remaining. It seems only fair and equitable to require an appellant who, for his sole benefit, files a motion under Rule 59 to file a simple notice of appeal within one month after his motion has been denied. Such a ruling may assist in discouraging delay in the judicial process.[3]

The motions to dismiss the appeal are hereby granted. No costs awarded.

---

**3.** See *Wood v. Turner,* 18 Utah 2d 229, 419 P.2d 634 (1966), where we refused to dismiss an appeal filed the day following a bench ruling but four days prior to the signing of the written judgment. No post-judgment motions were there involved.