**Carol Jean Shaw LORD, Plaintiff and Appellant,**

v.

**Harold Elijah SHAW, Defendant and Respondent.**

**No. 18367.**

Supreme Court of Utah.

May 1, 1984.

Lowell Summerhays, Salt Lake City, for plaintiff and appellant.

Jeff Thorne, Brigham City, for defendant and respondent.

STEWART, Justice.

In this divorce case, the decree divorcing the plaintiff, Mrs. Carol Lord (formerly Mrs. Carol Shaw), and the defendant, Mr. Harold Shaw, became final November 11, 1978. On December 18, 1981, a hearing was held in the district court to determine (1) whether Mrs. Lord's alimony of $125 per month had been properly terminated when she remarried; (2) whether Mr. Shaw was delinquent in child support payments; and (3) whether the plaintiff was entitled to additional child support due to changed circumstances. In addition, the proceeds from the sale of Mrs. Lord's house, in which Mr. Shaw had an equity, were to be distributed. Mrs. Lord appeals from rulings of the district court which were in favor of Mr. Shaw on each of the four points.

## I. TERMINATION OF ALIMONY

Mrs. Lord claims that her alimony should not have terminated upon her remarriage to her present husband. Utah Code Annotated, 1953, § 30-3-5(2) (Supp. 1983) provides:

Unless a decree of divorce specifically provides otherwise, any order of the court that a party pay alimony to a former spouse shall automatically terminate upon the remarriage of that former spouse ....

Prior to the enactment of that provision in 1979, this Court applied a similar rule. In *Austad v. Austad*, 2 Utah 2d 49, 58, 269 P.2d 284, 290, 48 A.L.R.2d 256, 264 (1954), this Court stated:

[W]e conclude that ... there is implicit in the divorce decree the provision that the alimony continues only so long as the wife remains unmarried.

*Accord Ferguson v. Ferguson*, Utah, 564 P.2d 1380, 1383 (1977); *Kent v. Kent*, 28 Utah 2d 34, 497 P.2d 652 (1972). The divorce decree between the parties in the instant case states:

The defendant further agrees to pay the plaintiff the sum of $125 per month as and for alimony. This alimony is to run for a period of three years, beginning October 1, 1978.

Mrs. Lord contends that the alimony was to assist her with her education, which would take three years, and that Mr. Shaw was to pay her for three years regardless of her marital status. The divorce decree does not provide for an exception to the general rule that alimony terminates upon remarriage. Accordingly, the obligation to pay alimony terminated by operation of law upon Mrs. Lord's remarriage.

## II. CHILD SUPPORT

One of Mrs. Lord's and Mr. Shaw's children, Neil, moved in with Mr. Shaw in July 1980. As a result, Mr. Shaw paid no child support to Mrs. Lord for Neil from August 1980 through August 1981. Mrs. Lord claims that Mr. Shaw owes her $75 per month for Neil for that period of time. The trial court refused to order the requested reimbursement.

Before Neil moved in with his father, Mr. and Mrs. Lord had made arrangements to purchase a home large enough for their family, including Neil and five other children. Mrs. Lord claims that she was entitled to Neil's child support to help pay for this home. We are not persuaded that the trial court abused its discretion in refusing to order child support for Neil for the disputed time period.

Parties are bound by a divorce decree and cannot unilaterally modify their obligations under the decree. *Stanton v. Stanton*, 30 Utah 2d 315, 320, 517 P.2d 1010, 1013–14 (1974), *rev'd on other grounds*, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975). However, in *Stanton, supra*, at 1014, we stated:

> [I]n matters concerning the custody and support of children, because of their highly equitable nature, it is appropriate for the trial court to take into consideration the entire circumstances in making any order of enforcement of the decree, by contempt or otherwise, having in mind his equitable powers, to make any adjustment he may think fair and justified.

In the instant case, the trial court heard the arguments of the parties, and determined that Mr. Shaw owed no child support to Mrs. Lord for Neil while Mr. Shaw was actually supporting Neil.

In divorce cases, absent an abuse of discretion we will not substitute our judgment for that of the trial court. *E.g., Turner v. Turner*, Utah, 649 P.2d 6 (1982). This Court has refused to reverse the decision of the trial court in a divorce case when the evidence does not clearly show that the trial court erred or abused its discretion. *Openshaw v. Openshaw*, Utah, 639 P.2d 177 (1981). This "Court accords considerable deference to the findings and judgment of the trial court due to its advantageous position." *Fletcher v. Fletcher*, Utah, 615 P.2d 1218, 1222 (1980). In this case, the trial court stated sufficient reasons for its decision, and we see no reason to overturn that decision.

## III. CHANGE IN CIRCUMSTANCES

A party seeking a modification of the divorce decree carries the burden of showing a substantial change in circumstances. *Christensen v. Christensen*, Utah, 628 P.2d 1297 (1981). Mrs. Lord claims that she has shown a sufficient change in circumstances since the original divorce decree to warrant an increase in child support for the three children residing with her. The change in circumstances cited by Mrs. Lord include: an increase in Mr. Shaw's income; an increase in the cost of living; an increase in the needs of the children now that they are older; and increased housing expenses. The following facts cut against Mrs. Lord: Mr. Shaw's remarriage and his responsibility to his step-children; the increased cost of living which also affects Mr. Shaw; Mrs. Lord's remarriage; the completion of Mrs. Lord's education; and Mr. Shaw's support of his three older children who are living with him. Based on these circumstances, the trial court held that a sufficient change in circumstances had not been shown to warrant a reassessment of the child support payments.

Parties to a divorce decree will undoubtedly experience economic and other changes following a divorce, but a modification in the decree is justified only when a party shows a substantial change in circumstances. In *Christensen v. Christensen, supra*, the Court found no substantial change in circumstances and declined to decrease child support payments even though the father had two additional children and alleged increased medical expenses. Similarly, in *Openshaw v. Openshaw, supra*, the Court found no substantial change even though the husband's income had increased, the cost of living had increased, and the children residing with the wife were older and required more financial support.

In the instant case, both parties have experienced changes that could increase and decrease their respective needs and incomes. The trial court did not find that the situation as a whole showed a substantial change requiring increased child support, and we affirm.

## IV. PROCEEDS FROM THE SALE OF THE HOUSE

The divorce decree required that the proceeds from the sale of Mr. Shaw's and Mrs. Lord's house be divided equally. The court also ordered that before dividing the proceeds the parties' expenses in preparing the house for sale and other debts to each

other be deducted. Mrs. Lord objects to the manner in which those deductions were made.

■ The trial court found that Mrs. Lord owed Mr. Shaw $805.70 for savings withdrawals, rent, and repair costs, and that Mr. Shaw owed Mrs. Lord $1,519.41 for rent, back child support, and repair costs. The difference was $713.71 in favor of Mrs. Lord. The proceeds, which had been placed in a trust account, totaled approximately $34,000. The trial court ordered that the $713.71 be paid to Mrs. Lord out of the $34,000 prior to dividing it. However, that order would not result in subtracting the $713.71 from Mr. Shaw's equal share, but instead would result in subtracting half of $713.71 from both Mr. Shaw's and Mrs. Lord's equal shares. The appropriate resolution is to subtract the $713.71 from only Mr. Shaw's equal share. Therefore, we remand for the limited purpose of providing that the money in the trust account should first be divided equally between the parties, then Mr. Shaw's share should be reduced by the amount which he owes Mrs. Lord.

■ Mrs. Lord also claims that the trial court did not properly consider the expenses she incurred in preparing the house for sale. The trial court ordered the parties to submit affidavits regarding the expenses for repairing the house. After reviewing the affidavits, the judge credited $503.93 to the plaintiff, which is included in the $713.71 credit. We do not find this conclusion unreasonable or an abuse of discretion.

## V. TIMELINESS OF THE APPEAL

The respondent, Mr. Shaw, claims that this appeal was filed prematurely. Prior to appealing, Mrs. Lord filed a motion to vacate the findings of fact and conclusions of law, and sought additional money for repairing the house. On April 2nd, Mrs. Lord filed her appeal. On April 5th, the trial court held a hearing on Mrs. Lord's motion; however, neither Mrs. Lord nor her counsel appeared at the hearing. Subsequently, on April 16th, the trial court signed special findings of fact and conclusions of law in which he denied Mrs. Lord's motion to vacate the previous findings, denied any additional repair costs, and granted attorney's fees to Mr. Shaw because Mrs. Lord failed to appear at the hearing. Additionally, the trial court stated that the initial findings of fact and conclusions of law reflected the decision of the court and the trial court directed the parties to comply with its ruling by removing the proper amounts from the trust fund except for $3,000, which was to be placed in a special trust fund pending this appeal.

■ Although Mrs. Lord's motion to vacate the trial court's findings may have caused her appeal to be premature, whether that constitutes grounds for dismissal of the appeal is within the discretion of this Court. *Nelson v. Stoker*, Utah, 669 P.2d 390 (1983); *Wood v. Turner*, 18 Utah 2d 229, 419 P.2d 634 (1966). The defendant, Mr. Shaw, has not been disadvantaged by this Court's decision to rule on the substantive issues on appeal.

■ Mrs. Lord claims that the special findings of fact and conclusions of law signed by the trial court on April 16 were inappropriate because she had already filed her appeal. However, these findings of fact and conclusions of law resulted from her own request for a hearing regarding expenses for repairing the house and from her own motion to vacate the original findings of fact and conclusions of law. Under these circumstances, we find that the trial court's special findings of fact and conclusions of law were appropriate.

## VI. CONCLUSION

We affirm the trial court's decision regarding the child support and alimony, and remand for a modification of the decree as discussed in Part IV above.

We do not find this appeal to have been filed in bad faith, and therefore deny Mr. Shaw's request for attorney's fees.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.