Kevin B. **BAILEY** and Harry R. Barker, Plaintiffs and Appellants,

v.

**SOUND LAB, INC.,** Roger West and Mrs. Eleanor Ream and John Does I through X, Defendants and Respondents.

No. 18874.

Supreme Court of Utah.

Dec. 21, 1984.

Ronald C. Barker, Salt Lake City, for plaintiffs and appellants.

David Lloyd, Salt Lake City, for defendants and respondents.

DURHAM, Justice:

This is an appeal from a partial summary judgment order dismissing the appellants' complaint as against defendants Roger West and Eleanor Ream. The summary judgment order was certified by the trial court for appeal pursuant to Rule 54(b), Utah R.Civ.P. The underlying action is for unpaid overtime compensation required by the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1982). This Court does not, however, reach the merits of the issues presented by the parties on appeal because there is a Rule 59, Utah R.Civ.P., post-judgment motion still pending that renders the notice of appeal ineffective.

On November 4, 1982, the trial court entered an order granting partial summary judgment in favor of the respondents. On November 15, 1982, the appellants, pursuant to Rule 59(a)(6)–(7), (e), filed a "Notice of Hearing Motion for New Trial or to Correct Summary Judgment.". On November 16, 1982, the trial court struck this motion from the calendar without a hearing. On November 19, 1982, the appellants filed another notice entitled, "Amended Notice of Hearing of Motion for New Trial or Correct Summary Judgment." Then on December 15, 1982, they filed a paper designated as "Notice of Hearing Supplement to Motion for a New Trial or to Correct

Summary Judgment or Motion to Certify Re Appeal." On December 22, 1982, the trial judge entered a minute order continuing the appellants' motion "without date." The record indicates that the motion seeking a new trial or an amendment of the judgment has never been heard or disposed of.

Apparently as a result of the trial court's striking the appellants' original motion from the calendar, they filed a notice of appeal on December 2, 1982. Thereafter, they stipulated to a 54(b) certification of the November 4th order without withdrawing their motion for a new trial or to amend the judgment.

 Jurisdiction cannot be conferred upon this Court by stipulation. *Dixie Stockgrowers' Bank v. Washington County*, 81 Utah 429, 431, 19 P.2d 388, 389 (1933); *accord Utah Department of Business Regulation v. Public Service Commission*, Utah, 602 P.2d 696, 699 (1979). Further, this Court may, on its own motion, determine lack of jurisdiction. *Neider v. Utah Department of Transportation*, Utah, 665 P.2d 1306, 1306 (1983).

 In *U–M Investments v. Ray*, Utah, 658 P.2d 1186, 1186–87 (1982), we held that under Rule 73(a), Utah R.Civ.P., a notice of appeal is ineffective if it is filed prior to a trial court's disposition of a post-judgment motion under Rule 59(a)(6). In the instant case, as in *U–M Investments*, the notice of appeal was filed prior to the disposition of a pending post-judgment motion, and the motion has not been withdrawn or expressly abandoned by the proponent thereof. Rule 59 allows a party to seek to have the trial court correct errors both of fact and law. *See* 6A J. Moore, J. Lucas & G. Grotheer Jr., *Moore's Federal Practice*, ¶ 59.03 at 59–11 (2d ed. 1984) (discussing

the function of Fed.R.Civ.P. 59). Consequently, this Court will not consider an appeal until the trial court has had an opportunity to review the order in question by ruling on the post-judgment motions.[1]

 Although it might be argued in this case that appellants impliedly abandoned their Rule 59 motion by pursuing this appeal, we are not inclined to perfect the appellants' appeal for them by making inferences from a record that shows no attempt to follow the rules. A motion filed but not ruled upon, dismissed, or withdrawn is still pending, and this record does not readily support the view that the appellants withdrew or abandoned their post-judgment motion. The abandonment of a motion for new trial must be intentional, *Petersen v. Ohio Copper Co.*, 71 Utah 444, 451, 266 P. 1050, 1052 (1928), and the facts must indicate this intention, *see Zions First National Bank v. C'est Bon Venture*, Utah, 613 P.2d 515, 517 (1980).

The appellants couched their motion for a new trial or a certification for appeal in the alternative. They said the following in their "Notice of Hearing Supplement to Motion for a New Trial or to Correct Summary Judgment or Motion to Certify Re Appeal":

> In the event that for any reason the Court declines to vacate the summary judgment of dismissal as to the individual defendants, or either of them, then and in that event plaintiffs move the Court for an order pursuant to Rule 54(b) ... so as to permit the pending appeal to proceed.

The trial court did not act on the appellants' request to vacate the summary judgment which was in effect a condition precedent to issuing the order under Rule 54(b).

---

1. It appears that there is a conflict between *U–M Investments* and *Lord v. Shaw*, Utah, 682 P.2d 853 (1984), because in *Lord* we reached the merits of an appeal although a notice of appeal had been filed while a Rule 59 motion was pending. *Id.* at 857. We follow the rule in *U–M Investments* because it embodies the principle adopted by this Court in the forthcoming Utah Rules of Appellate Procedure. Utah R.App.P.

4(b) (effective Jan. 1, 1985). Rule 4(b) provides in part, "A notice of appeal filed before the disposition of [a Rule 59(a) or (e) motion] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order of the district court disposing of the motion...." We therefore expressly disavow the ruling in *Lord* to the contrary.

The stipulation of the parties for a certification under Rule 54(b) likewise does not imply an abandonment or withdrawal. It merely says, "[T]he Court may add the ... phrase to the Order of Dismissal required by Rule 54(b), Utah Rules of Civil Procedure to permit plaintiffs to appeal the Order...."

The appellants' notice of appeal, therefore, is ineffective as a predicate for this Court's jurisdiction. The appeal is dismissed, and this case is remanded to the district court to dispose of the pending motion for a new trial or to amend the judgment.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., dissents.