C.M.C. CASSITY, INC., a Utah corporation, Plaintiff and Respondent,

v.

Jack AIRD, an individual; Aird Investment Company, a partnership; Jack Aird, Richard L. Aird, Janet Aird and David Aird, individuals and partners in the Aird Investment Company; Aird Insurance Agency, Inc., a Utah corporation; Acme Fence Company, Inc., a Utah corporation; Security Builders, Inc., a Utah corporation; Rocky Mountain Mechanical & Electrical, a Utah corporation; Kidston Engineering Company, a Utah corporation; and Utah Bank & Trust Co., a Utah corporation, Defendants and Appellants.

No. 18741.

Supreme Court of Utah.

Sept. 27, 1985.

Clifford V. Dunn, John Knapp Baird, Salt Lake City, for defendants and appellants.

Thomas C. Sturdy, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendants, Jack Aird et al., ("Aird"), appeal from the decision awarding to plaintiff, C.M.C. Cassity, Inc. ("C.M.C."), sums claimed under a construction contract, but denying foreclosure of a lien on defendants' property. We dismiss Aird's appeal for noncompliance with the Rules of Civil Procedure.

Aird's notice of appeal was filed on September 9, 1982, after the trial court entered its minute entry on August 11, 1982, but before the official judgment was entered on September 23, 1982. Rule 73(a) of the Utah Rules of Civil Procedure [1] requires an appellant to file a notice of ap-

---

**1.** Rules 72 through 76 of the Utah Rules of Civil Procedure were superseded by the Utah Rules of Appellate Procedure (U.R.A.P.), on January 1, 1985. However, the Rules of Civil Procedure apply in this case because all the steps of the appeal process referred to herein should have been completed prior to the time the Utah Rules of Appellate Procedure took effect. Rule 73(a) has been replaced by U.R.A.P. 3(a), 4; Rule 73A by U.R.A.P. 9; Rule 75(a) by U.R.A.P. 11(d), (e); Rule 75(p)(2) by U.R.A.P. 24.

peal with the trial court within "one month from the date of the entry in the Register of Actions of the judgment or order appealed from...." Although timely notice of appeal is jurisdictional, *Armstrong Rubber Co. v. Bastian*, Utah, 657 P.2d 1346 (1983), premature filing of the notice of appeal does not deprive this Court of jurisdiction where the final judgment entered is in accord with the ruling appealed from and no post-judgment motions have been made. *Nelson v. Stoker*, Utah, 669 P.2d 390, 392–93 (1983); *Wood v. Turner*, 18 Utah 2d 229, 231–32, 419 P.2d 634, 635 (1966). *See also U–M Investments v. Ray*, Utah, 658 P.2d 1186 (1982). We find no prejudice from the premature filing of the notice of appeal.

■ In addition to prematurely filing his notice of the appeal, Aird ignored other court rules. He did file a brief. However, Aird otherwise failed to comply with any of the rules governing appeals. Specifically, Aird failed to file a docketing statement as required by Rule 73A of the Utah Rules of Civil Procedure (U.R.A.P. 9), a designation of the contents of the record on appeal, as required by Rule 75(a) (U.R.A.P. 11(d)), or a certificate that a transcript has been ordered as required by Rule 75(a)(1) (U.R. A.P. 11(e)). The brief filed by Aird did not comply with the requirements for briefs set forth in Rule 75(p)(2) (U.R.A.P. 24) in that, among other things, it contained no table of contents, no index of authorities cited, and no citations to the record in the statement of facts.

"Although the New Rules of Civil Procedure were intended to provide liberality in procedure, it is nevertheless expected that they will be followed, and unless reasons satisfactory to the court are advanced as the basis for relief from complying with them, parties will not be excused from so doing." *Holton v. Holton*, 121 Utah 451, 452, 243 P.2d 438, 439 (1952). *See also Nunley v. Stan Katz Real Estate, Inc.*, 15 Utah 2d 126, 129, 388 P.2d 798, 801 (1964).

Aird's attorney is certainly chargeable with knowledge of the rules which must be complied with to bring an appeal to this Court. No explanation has been given as to why this litigation was not pursued under the rules and therefore we reaffirm the language of *Holton v. Holton*, 121 Utah 451, 243 P.2d 438 (1952), and dismiss the appeal.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.