**Susan C. DANA, Plaintiff and Appellant,**

v.

**Bruce E. DANA, Defendant and Respondent.**

**No. 880382–CA.**

Court of Appeals of Utah.

March 30, 1990.

Lyle W. Hillyard (argued), Hillyard, Low & Anderson, Logan, for plaintiff and appellant.

Pete N. Vlahos (argued), F. Kim Walpole, Vlahos & Sharp, Ogden, for defendant and respondent.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff Susan C. Dana appeals from the trial court's order granting defendant's petition to reduce child support payments and denying her petition to require defendant to either visit his children or to pay additional child support. We reverse in part and affirm in part.

Plaintiff and defendant were divorced in January 1983. Plaintiff was awarded custody of their three children. The court did not establish a visitation schedule because of the parties' desire to work out visitation without court involvement. Defendant was ordered to pay $165 in child support per child each month.

Although plaintiff earned approximately $3,000 by babysitting in her home during 1982, she was not employed outside the home during the parties' marriage or at the time of the divorce. The court anticipated, however, that plaintiff would find employment soon after the divorce and earn approximately $10,000 to $12,000 per year in gross income. At the time of hearing on the parties' cross petitions in 1987, plaintiff was earning approximately $17,000 per year in gross income.

Defendant remarried in 1983. He adopted the child of his new spouse and they later had a child of their own. Defendant also had three children from an earlier marriage, prior to his marriage to plaintiff. Consequently, defendant and his new spouse now have five children living with them. Defendant's gross income increased from $21,000 at the time of the divorce in 1982 to $31,300 in 1987. Defendant also receives $306 per month in social security benefits for the three children from his first marriage.

The parties dispute how frequently defendant has visited the three children in plaintiff's custody. Plaintiff testified that defendant rarely visited the children despite her encouraging him to visit regularly. Defendant testified that he visited the children more often than plaintiff maintains and that plaintiff's hostility impeded his efforts to spend more time with his children.

On November 6, 1986, plaintiff filed a petition to modify the decree of divorce, seeking to require defendant to either visit the children or pay more child support to compensate for the alleged loss of benefits plaintiff suffered from defendant's lack of visitation.

Defendant filed an answer and counter-petition to modify the divorce decree. Defendant claimed that his lack of visitation was because of his tight budget and the expenses of travelling long distance to see the children. He petitioned the court to reduce his child support payments on the basis of plaintiff's alleged substantial increase in income and his increased obligations, namely eight instead of six children to support.

Trial on the cross petitions for modification of the divorce decree was held on December 29, 1987. The trial court entered an order that encouraged visitation by defendant and established a specific visitation schedule. The court determined, however, that it could not force defendant to visit his children and thus declined to order defendant to either visit the children or pay extra child support.

The court also found that the increase in plaintiff's earnings from $3,000 to $17,000 per year, coupled with defendant's obligation to now support eight children rather than six, constituted a substantial change in circumstances. The court acknowledged that defendant's earnings had also in-

creased, but determined that the "emergency situation" of plaintiff being unable to work and earn adequate income because of her young children had terminated. The court reduced child support payments to $100 per child per month.

Plaintiff claims the trial court erred in (1) reducing defendant's child support payments, and (2) refusing to order defendant to either visit the children in plaintiff's custody or pay extra child support.

Pursuant to Utah Code Ann. § 30-3-5 (1989), the trial court has continuing jurisdiction to modify child support obligations. The party seeking modification has the burden to show a substantial change in the circumstances of at least one of the parties such as to warrant a modification. *Jeppson v. Jeppson*, 684 P.2d 69, 70 (Utah 1984); *Christensen v. Christensen*, 628 P.2d 1297, 1299 (Utah 1981). We will not overturn the trial court's modification of a child support award absent a clear abuse of discretion or manifest injustice. *Maughan v. Maughan*, 770 P.2d 156, 161 (Utah Ct. App.1989).

## SUBSTANTIAL CHANGE IN CIRCUMSTANCES

Plaintiff argues first that the trial court abused its discretion by (1) failing to define the substantial change in circumstances, and (2) considering defendant's obligation to support two children born or adopted subsequent to the divorce in finding a substantial change in circumstances.[1]

■ We disagree with plaintiff on both points. First, the trial court entered findings of fact and conclusions of law that clearly define what it regarded as the substantial change in circumstances: plaintiff's increased income and the additional two children defendant is now obligated to support. Second, it was proper for the trial court to consider the two additional children that defendant is now obligated to support as one factor in determining whether a substantial change in circum-

stances has occurred. *Openshaw v. Openshaw*, 639 P.2d 177, 179 (Utah 1981).

■ We agree with plaintiff, however, that the court's ultimate conclusion that there was a substantial change in circumstances is erroneous. "Parties to a divorce decree will undoubtedly experience economic and other changes following a divorce, but a modification in the decree is justified only when a party shows a substantial change in circumstances." *Lord v. Shaw*, 682 P.2d 853, 856 (Utah 1984), *rev'd on other grounds, Bailey v. Sound Lab Inc.*, 694 P.2d 1043, 1044 n. 1 (Utah 1984). In this case, while both parties have experienced economic change since the divorce decree, we find that defendant failed to meet his burden in showing a substantial change in circumstances.

■ The court's conclusion that plaintiff's increase of annual earnings from $3,000 in 1983 to $17,000 in 1987 constitutes a substantial change in circumstances is erroneous. It ignores defendant's testimony that, at the time of the divorce decree, the court anticipated plaintiff would increase her earnings from $10,000 to $12,000 shortly after the divorce, by finding outside employment. A change in circumstances reasonably contemplated at the time of divorce is not legally cognizable as a substantial change in circumstances in modification proceedings. *Fullmer v. Fullmer*, 761 P.2d 942, 947 (Utah Ct.App. 1988). Based on the court's reasonable anticipation of plaintiff's earnings, her income increased by only $5,000 to $7,000, and not $14,000 during the five years following the divorce.

■ The court's conclusion that "the emergency situation" of plaintiff's inability to work and earn adequate income because of her small children had terminated is also misplaced. Again, the level of child support payments was established in anticipation of plaintiff finding economically more gainful employment. There is no evidence that the trial court's original child support order was set at a level recognizing a con-

---

1. Plaintiff also contends that the trial court erred in using the uniform child support schedule, not then in effect, in setting child support.

We do not reach that issue because of our determination that the court erred in finding a substantial change in circumstances.

tinuing emergency situation. Nor is there evidence that plaintiff's financial burden of providing for three young children is alleviated because the children are now older. Indeed, the opposite is more likely. Therefore, the relatively small increase in plaintiff's income is insufficient to support a finding of a substantial change in circumstances.

■ Further, defendant's additional financial obligations do not, alone, constitute a substantial change in circumstances. The Utah Supreme Court has stated:

[W]hile it is possible that the fact that defendant has two children by his second marriage could show a change in circumstances substantial enough to warrant modification of child support payments, there is no evidence in the record to warrant so finding. It cannot be presumed that defendant's support obligation toward his six children by his prior marriage is changed by the fact he now has two additional children.

*Christensen*, 628 P.2d at 1300.

Defendant vigorously contends that in this case, contrary to *Christensen*, there is a substantial change in circumstances. Defendant testified that he had a negative cash flow and had contemplated bankruptcy. However, we find that there is inadequate evidence that the circumstances have substantially changed from the time of the divorce decree. Admittedly, defendant has two additional dependents,[2] but he earns $10,000 more in gross income since the divorce.

In sum, because defendant failed to meet his burden to show a substantial change in circumstances, we find that the trial court abused its discretion in granting defendant's petition to reduce the child support payments. We, therefore, reverse the court's order reducing child support.

## VISITATION

■ We find that the trial court did not abuse its discretion by refusing to order that defendant either comply with its visitation schedule or pay additional child support. The paramount concern in child visitation matters is the child's welfare or best interest. *Rohr v. Rohr*, 709 P.2d 382, 383–84 (Utah 1985) (per curiam). Fostering a child's relationship with the noncustodial parent has an important bearing on the child's best interest. *Long v. Long*, 127 Wis.2d 521, 381 N.W.2d 350, 356 (1986). A court may encourage a noncustodial parent to visit his or her child, but compelling a parent to visit by threatening to increase child support payments certainly fails to promote an environment for a positive parent-child relationship. We are not persuaded by plaintiff's argument that she must hire babysitters, stay with the children, or lose some free time if the children do not spend time with defendant. Orders regarding visitation should give paramount weight to the children's welfare, "over the desires of either parent." *Kallas v. Kallas*, 614 P.2d 641, 645 (Utah 1980). We are also not persuaded by plaintiff's argument that the additional money would enable her to do things with the children that defendant would otherwise do during visitation. Again, the purpose of visitation is to foster a relationship between the noncustodial parent and the child, not to simply provide activity for the child. Furthermore, visitation orders do not customarily encompass a description of activities which must take place during visitation or required expenditures. We, therefore, affirm the trial court's denial of plaintiff's petition.

In sum, we reverse the trial court's decrease in child support and restore it to the original level. In all other respects, we affirm the trial court's order. Each party to bear his or her own attorney fees and costs.

GARFF and ORME, JJ., concur.

___

2. Of course, defendant was aware of his existing responsibilities and support obligations when he made the decision to have two more children— one by adoption and one by birth.