2011 UT App 337

**AMERICAN HOME SYSTEMS, LLC, dba Why'rd, Plaintiff and Appellant,**

v.

**CAMBRIA HOMEOWNERS ASSOCIATION, INC., Defendant, Counterclaim Plaintiff, and Appellee,**

v.

**American Home Systems, LLC, dba Why'rd; Mike Burnett; and Justin Burnett, Counterclaim Defendants.**

No. 20110675–CA.

Court of Appeals of Utah.

Oct. 6, 2011.

Justin D. Heideman and Travis Larsen, Provo, for Appellant.

Cole S. Cannon, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Appellant American Home Systems, LLC, dba Why'rd, filed this appeal directly from the order of an arbitrator. The parties to this appeal participated in an arbitration

conducted within a matter pending in the district court. This case is before the court on a sua sponte motion for summary disposition for lack of jurisdiction.

¶ 2 Upon completion of the arbitration and notice of the award in a matter pending in the district court, a "party may file a motion for an order confirming the award." Utah Code Ann. § 78B–11–123 (2008). Utah Code section 78B–11–126 states,

> Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment conforming to the award. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.

*Id.* § 78B–11–126(1). It is undisputed in this case that no judgment has been entered by the district court pertaining to the arbitration award. A limited statutory exception to the final judgment rule allows an appeal to be taken from certain orders entered by the trial court following arbitration, to wit:

(1) An appeal may be taken from:

(a) an order denying a motion to compel arbitration;

(b) an order granting a motion to stay arbitration;

(c) an order confirming or denying confirmation of an award;

(d) an order modifying or correcting an award;

(e) an order vacating an award without directing a

rehearing; or

(f) a final judgment entered pursuant to this chapter.

(2) An appeal under this section must be taken as from an order or a judgment in a civil action.

*Id.* § 78B–11–129.

¶ 3 Parties are not authorized to file an appeal directly to an appellate court from an arbitration award that has not been submitted to the district court for confirmation, modification, correction, or vacation. If the fact that we would lack subject matter jurisdiction over an appeal taken directly from an arbitrator's award is not sufficiently clear from the language of the foregoing statutes, we further note that neither of the statutes prescribing the jurisdiction of Utah's appellate courts provides for jurisdiction over an appeal taken directly from the award of an arbitrator. *See* Utah Code Ann. § 78A–3–102 (Supp.2011); *Id.* § 78A–4–103; *see also* Utah R.App. P. 3(a) ("An appeal may be taken from a district court or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments, except as otherwise provided by law, by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4.").

¶ 4 Why'rd admits that it "seeks to appeal the decision of an arbitrator which has not yet been reduced to an order or final judgment pursuant to ... Section 129(1)." Why'rd characterizes its notice of appeal as simply premature. *See* Utah R.App. P. 4(c) (allowing an appellate court to deem a notice of appeal to be timely if it is filed after the announcement of a final judgment but before entry of a signed order). However, this is not a case involving a premature notice of appeal. Instead, this case is one in which no final judgment has been either announced or entered by the district court. As such, this case presents the situation described in Why'rd's opposing memorandum where "dismissal of any appeal on the basis that the notice of appeal was premature would be appropriate in cases where judgment has not become definite or where trial court remedies have not been exhausted." *Wood v. Turner,* 18 Utah 2d 229, 419 P.2d 634, 635 (Utah 1966).

¶ 5 When this court lacks jurisdiction, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). We must dismiss this appeal without prejudice to a timely appeal pursued following the entry of an appealable order under Utah Code section 78B–11–129. Because we dismiss this appeal, we do not consider Appellee's request for a supersedeas bond or Appellant's motion to have the transcript of the arbitration hearing included in the record.