IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| American Home Systems, LLC dba Why'rd, a Utah corporation, | ) ) ) | PER CURIAM DECISION |
| | ) | Case No. 20111085-CA |
| Plaintiff, Counterclaim Defendant, and Appellant, | ) ) ) | |
| v. | ) ) | F I L E D (November 1, 2012) |
| Cambria Homeowners Association, Inc., | ) ) ) | 2012 UT App 306 |
| Defendant, Counterclaimant, and Appellee. | ) ) | |

-----

Fourth District, Provo Department, 090402548
The Honorable Samuel D. McVey

Attorneys:     Justin D. Heideman and Travis Larsen, Provo, for Appellant
               Cole S. Cannon, Salt Lake City, for Appellee

-----

Before Judges Davis, Thorne, and McHugh.

¶1      Appellant American Home Systems, LLC dba Why'rd (Why'rd) filed an earlier appeal directly from the order of an arbitrator. We dismissed that appeal for lack of jurisdiction because it was not taken from a final appealable order of the district court. *See American Home Sys. v. Cambria Homeowners Ass'n*, 2011 UT App 337, 265 P.3d 811 (per curiam). Following the district court's entry of the Order of Confirmation of Arbitral Award, Why'rd filed the present appeal.

¶2      In the Bulk Programming Services Agreement (the Agreement) between Why'rd and Cambria Homeowners Association (Cambria), the parties agreed that "all disputes, controversies, or claims . . . shall be governed by and construed in accordance with the

laws of Utah" and further agreed "that venue and jurisdiction in Utah is appropriate for all claims and controversies arising out of, or in any way related to, this Agreement." The Agreement also provided for submission of disputes for resolution through binding arbitration, stating in part,

> Any and all disputes, controversies or claims between Subscriber and American Home Systems arising out of or in connection with this Agreement, which are not settled through negotiation, shall be resolved solely and exclusively by binding arbitration in accordance with both the substantive and procedural laws of Title 9 of the U.S. Code ("Federal Arbitration Act") and the Commercial Rules of the American Arbitration Association. . . . The decision of the arbitrators shall be final and binding on the parties and any award of the arbitrators may be entered and enforced as a final judgment in any state or Federal court of competent jurisdiction in the United States.

¶3     Why'rd filed the underlying lawsuit in the Fourth District Court for Utah County in July 2009. Cambria filed an answer and counterclaim. The case was submitted to binding arbitration pursuant to the Agreement. The parties stipulated to the use of a single arbitrator. In June 2011, the arbitrator issued an Arbitral Award, which concluded that Why'rd had breached the Agreement and found in favor of Cambria on Why'rd's complaint and Cambria's counterclaim. The decision awarded liquidated damages pursuant to the Agreement and recommended "that the Court enter an order allowing Why'rd 30 days to remove its property from Cambria's premises in a way that does not adversely affect the real property of Cambria."

¶4     We dismissed Why'rd's previous appeal for lack of jurisdiction without prejudice to a timely appeal following the district court's entry of an appealable order. *See* Utah Code Ann. § 78B-11-129(1) (LexisNexis 2008) (allowing an appeal from certain orders pertaining to arbitration). Following remand, Why'rd filed a Motion for Confirmation of Arbitral Award. Citing section 78B-11-129, Why'rd stated that it sought "to have the Arbitral Award confirmed by [the district court] so that it may proceed with its appeal of the Arbitral Award." The district court's November 17, 2011 order stated that the award was confirmed pursuant to Utah Code section 78B-11-123. *See id.*

§ 78B-11-123.

¶5      In the Agreement, Why'rd and Cambria agreed to submit disputes to binding arbitration in accordance with the Federal Arbitration Act (the Federal Act). *See* 9 U.S.C.A. §§ 1 to -16 (West 2009). The Federal Act is substantially similar to the Utah Uniform Arbitration Act (the Utah Act). *See* Utah Code Ann. § 78B-11-101 to -127. Section 9 of the Federal Act states,

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title.

9 U.S.C.A. § 9; *see also* Utah Code Ann. § 78B-11-123 ("The court shall issue a confirming order unless the award is modified or corrected pursuant to Section 78B-11-121 or 78B-11-125 or is vacated pursuant to Section 78B-11-124."). The Agreement specified that arbitration would be held in Salt Lake County. Utah Code section 78B-11-127(2) provides, "An agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under this chapter."

¶6      Under the Federal Act, a court may vacate the arbitration award only under limited circumstances where the award was "procured by corruption, fraud, or undue means;" where there was "evident partiality or corruption" by the arbitrator; or where the arbitrator exceeded his or her authority or engaged in misbehavior that prejudiced a party. *See generally* 9 U.S.C.A. § 10; *see also* Utah Code Ann. § 78B-11-124 (stating the grounds for vacating an arbitration award). Under the Federal Act, a court may modify or correct the arbitration award where there has been an "evident material miscalculation of figures" or an "evident material mistake in the description of any person, thing or property;" where the arbitrator entered an award on a matter not submitted to arbitration; or where "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C.A. § 11; *see also* Utah Code Ann. § 78B-11-125 (stating the grounds for modification or correction of an arbitration award).

¶7 Why'rd did not seek to vacate, modify, or correct the Arbitral Award and instead moved for confirmation of the award by the district court. Accordingly, the district court was required to grant the motion to confirm the arbitration award. *See* 9 U.S.C. § 9; *see also* Utah Code Ann. § 78B-11-123. Why'rd's brief contains no discussion of the district court's order of confirmation and does not claim that the district court erred in granting Why'rd's motion for confirmation of the award. Why'rd's claims of error in this appeal challenge the merits of the Arbitral Award as if a direct appeal may be taken from the award. In our earlier decision, we held that we lack jurisdiction to consider an appeal taken directly from an arbitration award and explained that it is the order of the district court confirming or denying confirmation of the arbitrator's award or otherwise modifying, correcting, or vacating an award that may be appealed. Why'rd has neither claimed nor demonstrated any error by the district court in granting Why'rd's own motion to confirm the arbitration award entered pursuant to the Agreement's binding arbitration clause. Furthermore, any claimed error in granting the motion was invited by Why'rd. To the extent that Why'rd contends that the district court's order confirming the arbitration award was merely a jurisdictional prerequisite to an appeal that could then be taken directly from the arbitration award, the contention is without merit and was rejected by this court in its earlier decision. *See American Home Sys. v. Cambria Homeowners Ass'n*, 2011 UT App 337, para. 4, 265 P.3d 811 (per curiam).

¶8 The district court did not err in entering the order confirming the Arbitral Award because the court was required by both the Federal Act and the Utah Act to confirm the award if the award was not otherwise vacated, modified, or corrected. Accordingly, we affirm the Order of Confirmation of Arbitral Award.

_____
James Z. Davis, Judge


_____
William A. Thorne Jr., Judge


_____
Carolyn B. McHugh, Judge


20111085-CA                4